W. Martin Jones, *Executor of the Estate of Jacob Skill-man, deceased*, v. Willis Edson and T. A. Beck, *Partners as Edson & Beck*.

**No. 731.** (62 Pac. 249.)

1. Corporations — *Suspension of Business — Enforcement of Stockholder's Liability*. Under section 45, chapter 66, General Statutes of 1897 (Gen. Stat. 1899, § 1268), the suspension of business for one year dissolves a corporation only so far as to allow creditors to enforce the individual liability of stockholders.

2. ———— *Usual and Ordinary Business — Winding up of Affairs*. The suspension of business mentioned in the section above referred to means the ceasing to carry on the usual and ordinary business of the corporation, and said suspension is not terminated by the officers of the corporation performing the business necessary to close up its affairs.

Error from Shawnee district court; Z. T. Hazen, judge. Opinion filed September 12, 1900. Affirmed.

*Troutman & Stone*, for plaintiff in error.

*Welch, Schenck & Welch*, for defendants in error.

The opinion of the court was delivered by

Wells, J.: On the 25th of January, 1887, the Capital Investment Company was incorporated under the laws of Kansas for the purpose of "the purchase, location and laying out of town sites, and the sale and conveyance of the same in lots and subdivisions, or otherwise; and the accumulation and loan of funds, the erection of buildings, and the purchase and sale of real estate for the benefit of its members." The defendants in error, Edson & Beck, subscribed for five shares of the capital stock, of the par value of $100 per share, and paid three assessments thereon, amounting to $325, leaving unpaid $175 upon their original subscription. On July 17, 1897, the plaintiff in error

herein recovered a judgment against said corporation for $10,521 and interest.   An execution was issued on said judgment and returned *nulla bona*.   Afterward, on September 4, 1897, an action was begun by plaintiff in error against the defendants'in error to recover the amount of their liability as stockholders to apply on said judgment.   A trial was had to a jury, resulting in a verdict and judgment for the defendants. The plaintiff brings the cause here upon a petition in error.

The first question is :  When  did  the  plaintiff's cause  of  action  accrue?    Or,  to  be  more  specific, when did the corporation suspend its business?   It appears from the evidence and the findings of fact that the corporation ceased to carry on the usual and ordinary business for which it was created on or immediately after June 8, 1891 ; but on September 19, 1894, the president and secretary, under and by the authority of the directors, executed and delivered a deed to D. A. Valentine for a piece of land in which it had some equity, in which it recited that the corporation was at that time doing business in the state of Kansas.   It is contended by the plaintiff in error that, as selling land was one of the purposes for which the corporation was formed, it was doing business on September 19, 1894, and that the action did not accrue until after that time.   It is also contended that, as the deed of that date contained a recital that the corporation was at that time doing business in Kansas, it and its stockholders are estopped from claiming that it had previously suspended, and also that as the defendants had afterward pretended to sell their stock and cause it to be canceled on the books and a new certificate issued in lieu thereof, they could not now deny its corporate existence and business.

We do not think either of these contentions is sound. A single corporate act, or an occasional corporate act, does not constitute the carrying on of a corporate business any more than an occasional hiring of a horse to another constitutes one a livery-stable keeper. And more truly a series of acts done in winding up a business cannot be held to be the carrying on of a business. Neither does the recital or recognition of the corporation estop one from asserting that it had so suspended business as to entitle a creditor under the statute to proceed against the individual liability of the stockholder. The object of the statute was to enable a creditor to reach the stockholder before the corporation was legally dissolved, and section 45 of the corporation act (Gen. Stat. 1897, ch. 66; Gen. Stat. 1899, § 1268) does not change the law as to when a corporation is dissolved, except in the proceedings of creditors against stockholders.

The next contention is that the unpaid subscription, amounting in this case to $175, is a contractual liability and not barred by four years' suspension of business. It is not necessary to discuss what the rights of the plaintiff would have been if he had instituted proceedings to hold the defendants as debtors of the corporation for the amount of their unpaid subscription. He has elected to proceed againt them upon their statutory liability. He made no distinction as to how that liability was created and the law makes none. The statutory liability of a stockholder was the amount due on his stock and an additional amount equal to the stock owned by him. The law that governs in the collection of one does the same as to the other.

As to the question of dividends unlawfully received by the defendants, there is nothing in the pleadings

that would have justified an examination of that subject.

We find no error in the record.   The judgment of the district court will be affirmed.